**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BLAKELEY T. LOFTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:25-cv-34-TFM-C** |
| | ) | |
| **SPARK/WAL-MART,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 23, 2026, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to timely serve Defendants pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b). *See* Doc. 11. No objections were filed and the time frame has passed.

The Complaint in this case was filed on January 24, 2025. *See* Doc. 1. Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Ninety days from the date the complaint was filed initially expired on April 24, 2025. Despite multiple orders warning Plaintiff about the consequences of failure to serve (Docs. 6, 7, 10), to date there is no indication that Defendants have been properly served. Plaintiff did request an extension after the February 6, 2026 show cause order which was granted. That gave him a new deadline of April 13, 2026. There was still no proof of service filed. Even after the Report and Recommendation was entered, there has been no action.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and failure to prosecute under Fed. R. Civ. P. 41(b)..

A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 6th day of November, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE